In the Matter of TWO MINOR CHILDREN

High Court of American Samoa
Trial Division

JUV No. 99-87
JUV No. 102-87

June 7, 1989

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, TUIAFONO, Associate Judge.

Counsel: For Petitioners, Togiola T.A. Tulafono

The respective natural parents petition the Court to relinquish their natural rights to the minors with the view that the said children be made available for adoption by the grandparents.

The Court is guided in these matters by the provisions of A.S.C.A. § 45.0102(a)(1), which requires the Court to consider the best interests and welfare of the child; § 45.0402(a), which requires consideration of the reasons relinquishment is sought; and finally subparagraphs (d),(e),(f), and (g) of § 45.0402, which require the Court to be satisfied that the natural parents have been counseled and fully advised of the consequences of their act, and that relinquishment is in the interests of all parties concerned.

The common ground advanced by the respective petitioners are that the children have been cared for by the grandparents since birth. Grandfather expressed that he desired to formalize his love for his grandchildren by way of legal adoption. This alone is not sufficient ground to sustain a petition for relinquishment.

### Juvenile No. 99-87

The minor is a 7 year old female child. The grandparents are 62 and 63 years of age respectively. In the light of the child's natural circumstances, this age difference speaks against allowing the petition given the remaining years of the child's minority and dependence. The child has perfectly capable parents who could just as well provide for the child.

The grandfather is the family matai and the natural parents, who have their own home, live within the traditional family structure on communal family land. The natural father has maintained steady employment with the same employee for some 17 years. The natural parents have their two other children with them and their household provides an environment which nobody can fault. They are young and the law may look to them for the child's future support needs with a lot more certainty. They are fit and suitable parents. On the other hand, we cannot say that what the grandparents have to offer the child could not otherwise be better provided by the natural parents. This is not to say that the grandparents parental sense of love and affection towards their grandchild may not thereby continue and flourish. We simply cannot conclude that the best interests and welfare of the child would be served by granting this petition. Petition is denied.

Juvenile No. 102-87

In this matter, the natural circumstances of the child do weigh heavily in favor of granting the petition. His natural parents have had an off now on again type of marriage. Indeed when the child was born, the father had missed the occasion because the marital unit was, for the time being, disunited. The natural father was very candid in his testimony. He has not been too particularly responsive to his paternal obligations which he acknowledges as having been undertaken by his father-in-law. In his opinion, his father-in-law is better suited to care for his son.

While the natural parents are back together at the present, we accept that, given the marital experience, the best interests and welfare of the child of the child, in terms of a more stable family environment, would be enhanced by granting this petition. Additionally, we are satisfied that the natural parents have been counseled and are fully advised as to the consequences of their petition. This petition is granted. Counsel shall prepare the order accordingly.